**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 13-80990-CIV-DIMITROULEAS**

KAWA ORTHODONTICS, LLP,

      Plaintiff,

vs.

JACK LEW, in his official capacity as
Secretary of the U.S. Department of the
Treasury,

      and

U.S. DEPARTMENT OF THE
TREASURY,

      and

DANIEL L. WERFEL, in his official
capacity as the Acting Commissioner
of the Internal Revenue Service,

      and

INTERNAL REVENUE SERVICE,

      Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss for Lack of Subject

Matter Jurisdiction (the "Motion") [DE 13], filed herein on December 9, 2013.   The Court has

considered the Motion [DE 13], the Response [DE 14], and the Reply [DE 22] and is otherwise

fully advised in the premises.

## I.      <u>BACKGROUND</u>

The parties to this action are Plaintiff Kawa Orthodontics, LLP ("Plaintiff") and Defendants Jack Lew, Secretary of the U.S. Department of the Treasury; the U.S. Department of the Treasury; Daniel I. Werfel, Acting Commissioner of the Internal Revenue Service; and the Internal Revenue Service (together, "Defendants").   Pursuant to the Administrative Procedure Act, 5 U.S.C. § 500, et seq. (the "APA"), Plaintiff seeks declaratory and injunctive relief as to certain aspects of the Patient Protection and Affordable Care Act ("ACA").

Under the ACA, employers who have more than fifty (50) full-time employees face certain requirements (the "employer mandate").   First, these employers face tax penalties if they do not offer health insurance coverage that meets statutorily specified minimum requirements. Second, these employers must fulfill certain annual reporting obligations.   The ACA specifies that the employer mandate—including these tax penalties and reporting requirements—would take effect at the beginning of 2014.   However, as of July 2, 2013, Defendants announced that the tax penalties and reporting requirements would not begin until 2015.

Prior to July 2, 2013, Plaintiff had expended substantial time and resources in preparation for complying with the employer mandate as scheduled to take effect on January 1, 2014. Plaintiff would not have expended its time and resources on these issues if Plaintiff had known that the employer mandate would not take effect until January 1, 2015.

Plaintiff alleges that Defendants' action of delaying the implementation of the employer mandate exceeded Defendants' statutory authority, was arbitrary and capricious, and was contrary to law.   Accordingly, Plaintiff seeks a declaratory judgment that Defendants' delay of the employer mandate violates the APA and an injunction prohibiting and setting aside Defendants'

delay of the employer mandate.   Through the instant Motion [DE 13], Defendants argue that this Court lacks subject matter jurisdiction because Plaintiff has failed to establish its standing.

## II.   DISCUSSION

### A.   Standard of Review

As a threshold matter, the Court must determine if jurisdiction exists before proceeding to the merits of the case.   *Sinochem Int'l Co. v. Malay Int'l Shipping Corp*, 127 S. Ct. 1184, 1191 (2007) ("Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purposes of deciding the merits of the case." (internal quotations omitted)). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim."   *Sweet Pea Marine, Ltd. v. APJ Marine, Inc*., 411 F.3d 1242, 1247 (11th Cir. 2005).

"Federal courts cannot exercise jurisdiction over cases where the parties lack standing." *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist*., 647 F.3d 1296, 1302 (11th Cir. 2011).   To establish standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."   *Id.* (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–181 (2000)).   "If at any point in the litigation the plaintiff ceases to meet all three requirements for constitutional standing, the case no longer presents a live case or controversy, and the federal court must dismiss the case for lack of subject matter jurisdiction."   *Id.*

### B.   Analysis

Plaintiff has not established that it has standing.   First, there is no concrete injury in fact.

3

Second, even if there were a concrete injury in fact, Plaintiff has not shown that a favorable decision would redress that injury.

Plaintiff alleges that "[p]rior to July 2, 2013, [it] expended substantial time and resources, including money spent on legal fees and other costs, in preparation for the 'employer mandate' taking effect on January 1, 2014" and that it "would not have expended its time and resources and incurred these anticipatory costs in 2013 if the mandate had not been scheduled to take effect until 2015, but instead would have spent its time, resources, and money on other priorities."   [DE 1 ¶ 13].   These allegations do not show that Plaintiff has uselessly expended resources.   Plaintiff has prepared to comply with imminent statutory requirements.   The substance of those requirements has not changed.   There is no basis to conclude that the fruits of Plaintiff's "time and resources" are any less valuable because of the one-year delay in the commencement of the employer mandate.

The Court can imagine circumstances where a plaintiff *might* have an injury based on a delayed implementation of the employer mandate.   The employer mandate may require some employers to incur additional costs on a yearly basis.   For example, some employers may have to upgrade to more expensive insurance coverage.   An employer could have purchased the more expensive insurance or otherwise incurred the additional costs for the 2014 calendar year only to discover that those additional expenditures were no longer mandatory for that calendar year. Those additional and unnecessary costs for the 2014 calendar year could then arguably constitute an injury in fact.[1]

---

[1]  Even under those facts, however, it is unclear whether the injury could be redressed through declaratory or injunctive relief.

However, those facts are absent from this case.   Plaintiff does not allege that, based on the employer mandate, it made an insurance purchase or incurred any other expenses limited to the 2014 calendar year.   Rather, Plaintiff expended time and resources to prepare for its eventual ongoing compliance with the employer mandate.   Plaintiff must still comply with that mandate and, in so doing, may rely on the fruits of its previously expended time and resources.   There is no allegation that Plaintiff's efforts are somehow valueless because they took place in the first half of 2013 rather than in the first of half of 2014.   The knowledge that Plaintiff has gained will not lapse at the end of 2014.   The benefits will continue through the initiation of the employer mandate in 2015.   Thus, Plaintiff's early preparations for the employer mandate do not give rise to any concrete injury.

Furthermore, even if Plaintiff had a concrete injury in fact, the requested relief would not redress that injury. Neither a declaration that Defendants acted unlawfully nor an injunction requiring the immediate implementation of the employer mandate would compensate Plaintiff for its time and resources expended in 2013.   Plaintiff's time and resources will remain expended regardless of the date of enforcement of the employer mandate.

Finally, Plaintiff does not cite to any binding authority indicating that a party who has taken steps to prepare for statutory requirements has standing to sue the government for delaying enforcement of those requirements.   Thus, because Plaintiff has not established that it has standing, the Court does not have subject matter jurisdiction over this dispute.

### III.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Motion [DE 13] is hereby **GRANTED**;

5

2.    This action is **DISMISSED WITHOUT PREJUDICE**[2] for lack of subject matter

jurisdiction; and

3.    The Clerk is directed to **CLOSE** this case and **DENY** any pending motions as

moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this

13th day of January, 2014.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record

---

[2] A dismissal for lack of subject matter jurisdiction should be without prejudice because the Court has no power to render a judgment on the merits.   *See Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984); *Georgia Advocacy Office, Inc. v. Camp*, 172 F.3d 1294, 1299 (11th Cir. 1999).